# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D & D Greek Restaurant, Inc., d/b/a The Great Greek, a California corporation,<br><br>                                    Plaintiff,<br><br>        v.<br><br>Great Greek Franchising, LLC, a Florida limited liability company and DOES 1 through 10,<br><br>                                    Defendants. | Case No. 2:20-cv-09770-MWF-SK<br><br>**PROPOSED ORDER GRANTING DEFENDANT GREAT GREEK FRANCHISING, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date filed:    October 23, 2020<br>FAC filed:    February 11, 2021<br>SAC filed:    June 7, 2021<br>Counter-<br>claim filed:  March 4, 2021<br>Judge:         Hon. Michael W. Fitzgerald<br><br>Hrng Date:   March 21, 2022<br>Time:          10:00a.m.<br>Courtroom: 5A |

The Motion for Partial Summary Judgment came on for hearing before this Court on March 21, 2022, at 10:00 a.m.  The Court, having reviewed and considered the Motion for Partial Summary Judgment filed by Defendant Great Greek Franchising, LLC's ("GGF") in accordance with Federal Rule of Civil Procedure 56, the parties' briefing, and oral argument at the hearing on this Motion, it is

**ORDERED** that's GGF's Motion for Partial Summary Judgment is GRANTED.

1

**IT IS FURTHER ORDERED** that judgment is entered in favor of GGF and against Plaintiff D & D Greek Restaurant, Inc., d/b/a The Greet Greek ("D&D") on D&D's Counts I, II, III, IV, and V;

**IT IS FURTHER ORDERED** that Counts I, II, and V fail as a matter of law because there is no likelihood of confusion due to D&D's lack of market penetration outside of Los Angeles County for its asserted trademark [or in the first alternative, lack of market penetration beyond the following counties in California: Los Angeles, Kern, Orange, Riverside, San Bernardino, Santa Barbara, and Ventura for its asserted trademark; or in the second alternative, lack of nationwide market penetration for its asserted trademark];

**IT IS FURTHER ORDERED** that Count III fails as a matter of law because, as of the priority date (1) D&D cannot establish senior nationwide rights to THE GREAT GREEK or a likelihood of confusion; and (2) there is no evidence that either applicant for the registrations at issue in Count III knew of D&D's Sherman Oaks restaurant at the time the applications were filed, nor is there evidence that either applicant fraudulently intended to procure a registration to which it was not entitled;

**IT IS FURTHER ORDERED** that Count IV fails as a matter of law because D&D no longer has a mark registered pursuant to California state law as required by § 14245;

**IT IS FURTHER ORDERED** that D&D is not entitled to the damages it seeks because it cannot establish causation—damage in fact—as a matter of law [or in the alternative, because its computation of alleged damage is speculative];

**IT IS FURTHER ORDERED** that D&D's claim to disgorgement of GGF profits are not recoverable under the Lanham Act as a matter of law;

**IT IS FURTHER ORDERED** D&D is not entitled to a reasonable royalty under the Lanham Act as a matter of law;

**IT IS FURTHER ORDERED** that D&D is not entitled to monetary relief for any unfair competition under the California Business and Professional Code; and

2

**IT IS FURTHER ORDERED** that D&D may not recover damages based on conduct prior to GGF's formation date or the actions/revenues of third party franchisee entities.

IT IS SO ORDERED.

Dated: _____                 _____
                                               MICHAEL W. FITZGERALD
                                               United States District Judge

PROPOSED ORDER GRANTING DEFENDANTS GREAT GREEK FRANCHISING, LLC'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO.  2:20-CV-09770-MWF-SK